UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

QUINSHAWN DINGLE,

                Plaintiff,

      -against-

BLUETRITON BRANDS, INC. formerly known as
Nestle Waters North America, Inc.; and MICHAEL
HOLMES,

                Defendants.

-------------------------------------------------------------------X

Case no.
22-cv-_____

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, complaining of Defendants, by her attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for his complaint, upon information and belief, as follows:

### THE PARTIES

1.    At all times relevant to this complaint, Plaintiff QUINSHAWN DINGLE ("DINGLE") is a citizen and resident of the State of New York, County of Kings.

2.    Upon information and belief, at all times relevant to this complaint, Defendant BLUETRITON BRANDS, INC. ("BLUETRITON") is a business corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Connecticut, and was formerly known as Nestle Waters North America, Inc.

3.    Upon information and belief, at all times relevant to this complaint, Defendant MICHAEL HOLMES ("HOLMES") is a natural person who is a citizen and resident of the State of Florida.

4. At all times relevant to this complaint, Plaintiff DINGLE was a passenger in a parked vehicle bearing New Jersey license plate E68LGC ("VEHICLE 1").

5. Upon information and belief, at all times relevant to this complaint, Defendant BLUETRITON was the owner of a motor vehicle bearing Florida license plate number 65136MM ("VEHICLE 2").

6. Upon information and belief, at all times relevant to this complaint, Defendant HOLMES was the operator of VEHICLE 2.

## THE UNDERLYING FACTS

7. This Court has jurisdiction over this case pursuant to 28 USC § 1332 as there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.

8. Venue is proper in this district as the events at issue occurred in this district.

## THE UNDERLYING FACTS

9. For purposes of this complaint, the term "ACCIDENT TIME" shall mean November 13, 2019 at approximately 2:50 PM.

10. For purposes of this complaint, the term "ACCIDENT LOCATION" shall mean Bedford Avenue at the intersection of Grand Street, Brooklyn, New York.

11. Upon information and belief, at all times relevant to this complaint the ACCIDENT LOCATION is a public roadway in the State of New York.

12. At or about the ACCIDENT TIME Defendant HOLMES was operating VEHICLE 2 at the ACCIDENT LOCATION.

13. Upon information and belief, at the ACCIDENT TIME, Defendant HOLMES caused a collision between VEHICLE 2 and VEHICLE 1.

14. As a result, a collision occurred causing Plaintiff to become injured.

15. As a result of the collision described above, Plaintiff was caused to suffer severe and permanent personal injuries including: injury to lumbar spine; broad based disc bulge at L3-L4, central disc herniation at L4-L5, disc bulge at L5-S1; lumbar radiculopathy; required to undergo spine surgery, specifically a lumbar discectomy; plaintiff was rendered sick, sore, lame and disabled; unable to attend to usual duties and vocation for 90 out of 180 days after the accident; future pain and disability is anticipated; flashbacks; post-traumatic anxiety; radiating pain; plaintiff was required to receive medical care and attention and upon information and belief will require additional medical care and attention in the future; plaintiff was required to undergo diagnostic testing including x-ray and/or MRI and/or CT scan; plaintiff was required to undergo physical therapy and/or will require additional therapy in the future; plaintiff has been required to take medication and upon information and belief may be required to take such medication in the future; plaintiff's ability to pursue usual duties and vocation has been impaired; plaintiff has become substantially disabled; plaintiff has suffered severe mental anguish and distress; osteoarthritic changes are anticipated; extreme pain and suffering; and plaintiff has been otherwise damaged; upon information and belief, the cost to Plaintiff of life insurance and/or disability insurance has been substantially increased; all of these injuries are permanent in nature and continuing into the future.

**AS AND FOR A FIRST CLAIM FOR RELIEF**

16. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

17. At all times mentioned herein, plaintiff was caused to suffer severe and permanent personal injures due to the recklessness, carelessness, and negligence, of Defendants, such injuries being set forth in detail above.

18. Among other things, Defendant HOLMES was reckless, careless and negligent in, upon information and belief: making an unsafe turn; sideswiping a parked car; failing to properly turn VEHICLE 2; causing VEHICLE 2 to strike VEHICLE 1; driving erratically; acting unpredictably; failing to yield to traffic; failing to drive safely; failing to drive with due regard for the safety of all persons; recklessly disregarding the safety of others; failing to yield; driving too fast; striking another vehicle; driving while distracted or paying attention to something else, such as a radio or cell phone; driving too aggressively; failing to maintain control; colliding with another vehicle; failing to use due caution; failing to see what should be seen; failing to comport his driving to the prevailing traffic conditions; failing to maintain a proper lookout; failing to yield the right of way; failing to obey the traffic signs and traffic control devices; violating applicable laws, rules and regulations; failing to make proper use of mirrors, horns, brakes and other safety devices; and Defendants were otherwise reckless, careless and negligent.

19. As a result of Defendants' recklessness, carelessness and negligence, Plaintiff was caused to suffer severe and permanent personal injuries, such injuries being set forth above in greater detail.

20. The plaintiff has suffered serious injuries as defined by the No Fault Insurance Law of the State of New York and is thus permitted to bring this action.

21. The plaintiff is not seeking in this cause of action to recover any moneys which are or should be paid through no fault insurance.

22. If any plaintiff executes a release in this action, such plaintiff does not intend to release any claims by any insurance carrier for any moneys paid for no-fault benefits or any claims for subrogation or any claims other than Plaintiff's own claims for pain and suffering and the amount of special damages exceeding those paid under no fault.

23. Upon information and belief, Defendant BLUETRITON is vicariously liable for the actions of Defendant HOLMES pursuant to New York Vehicle and Traffic Law § 388.

24. By reason of the foregoing, Plaintiff is entitled to recover the full extent of his damages, in an amount to be determined by the jury at trial, but in no event to exceed $10,000,000.

## DEMAND FOR A JURY TRIAL

25. Plaintiff demands a trial by jury of all issues triable by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: Brooklyn, New York
April 6, 2022

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiff*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627